1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEIDER,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF GEOFF DEAN, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-07336 CBM (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

On August 21, 2018 Plaintiff Richard Leider ("Plaintiff"), an inmate at Ventura County Jail, in Ventura, California (the "VCJ"), proceeding *pro se*, filed a civil Complaint alleging violations of his Sixth[1] and Fourteenth Amendment rights, which the Court interprets as claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). ("Compl.," ECF No. 1.) Plaintiff names three defendants: Ventura County Sheriff Geoff Dean ("Sheriff Dean") in his official capacity, California Governor

---

[1] Later in the Complaint, Plaintiff refers to violations of the Eighth (instead of Sixth) and Fourteenth Amendments. (*See* Compl. at "5A.") Until Plaintiff clarifies further in response to this dismissal with leave to amend, the Court accepts Plaintiff's claims as violations of the Sixth, Eighth, and Fourteenth Amendments, but will refer to the claim as alleged in the Complaint where applicable.

Jerry Brown ("Governor Brown") in both his official and individual capacities, and the State of California in its official capacity. The Court screened the Complaint as prescribed by 28 U.S.C. § 1915A ("Section 1915A") and 28 U.S.C. § 1915(e)(2)(B) ("Section 1915(e)(2)(B)"), and, for the reasons stated below, DISMISSES the Complaint as against Defendants Governor Brown and the State of California with leave to amend.

## II.    ALLEGATIONS IN THE FAC

Plaintiff alleges that the amendment to California Penal Code section 1170 ("Section 1170") and the enactment of California Proposition 57 ("Prop 57") have created a sentencing disparity between non-violent felony offenders committed to "felony jail" and those committed to State Prison. He avers that the non-violent offenders committed to State Prison are eligible to (1) have their sentences reduced by a higher percentage, and (2) earn more milestone credits than their counterparts in County Jail. He further alleges that this disparity (1) violates the Eighth and Fourteenth Amendments of the United States Constitution, and (2) renders California Penal Code section 1170(h)(5)(B) ("Section 1170(h)(5)(B)") unconstitutional. Plaintiff contends that Governor Brown and the State of California enacted emergency legislation that created the sentencing disparity, and that Sheriff Dean has custody and control over him[2]. Based on these allegations, Plaintiff seeks (1) a declaration that Section 1170(h)(5)(B) is unconstitutional; (2) costs of the proceedings; (3) injunctive relief in the form of [i] a 66.7% reduction in his sentence, [ii] a one-week reduction in his sentence for having attended counseling sessions, [iii] a $200.00 release fund payment; and (4) any further relief that the Court deems proper. (Compl. at 1-6.)

//

---

[2] The Complaint alleges that Sheriff Dean has custody and control over "Defendant," which the Court interprets to mean "over the Plaintiff." (Compl. at 3.)

2

## III. STANDARD OF REVIEW

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (Section 1915A), or in which a plaintiff proceeds *in forma pauperis* (Section 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to Section 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to Section 1915A). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). In reviewing a motion to dismiss, the court will accept factual allegations as true and view them in the light most favorable to the plaintiff. *See Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (citing *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient . . . ." *Park*, 851 F.3d at 918 (first ellipsis in original) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a plaintiff is *pro se*, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a *pro se* plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212.

## IV.   DISCUSSION

### A.   The Complaint Fails to State Constitutional Claims Against Defendant State of California.

Plaintiff asserts Sixth, Eighth, and Fourteenth Amendment claims against Defendant State of California in its official capacity. However, constitutional claims cannot be asserted against the State of California because a state is not a "person"

subject to liability under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, states are protected by the Eleventh Amendment from suits in federal court, unless a state waives Eleventh Amendment immunity or Congress abrogates it. *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). For this reason, the constitutional claims against Defendant State of California are fatally flawed and cannot proceed. If Plaintiff intends to file a First Amended Complaint, he must correct this deficiency or risk dismissal without leave to amend.

### B.    The Complaint Fails to State Constitutional Claims Against Defendant Governor Brown.

Plaintiff asserts Sixth, Eighth, and Fourteenth Amendment claims against Defendant Governor Brown in both his individual and official capacities.

The individual capacity claim against Governor Brown is improper. "It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative actions." *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998). Legislative immunity also extends to members of the executive branch, and applies to claims for damages and claims for injunctive relief. *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 959 (9th Cir. 2010). Plaintiff alleges that Governor Brown enacted the legislation that created the sentencing disparity. (Compl. at 3.) As such, legislative immunity shields Governor Brown from liability in his individual capacity. *See Bd. of Cty. Comm'rs v. Umber*, 518 U.S. 668, 677 n.1 (1996) ("[I]mmunity from suit under § 1983 extends to public servants only in their *individual* capacities . . . .").

5

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Read broadly, the Complaint alleges that Defendant Governor Brown is an employee of the State of California – "Defendant Governor Jerry Brown resides or works at 300 S. Spring St., Los Angeles, CA 90012." (Compl. at 3.) As such, the official capacity claims against Defendant Governor Brown are properly treated as claims against the State of California. *See Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 949, 952 (9th Cir. 1983) (explaining that lawsuit against governor in official capacity was "in essence, brought against the state entity of which the officer is an agent.").

As explained above, California is not a "person" subject to Section 1983, and the Eleventh Amendment bars damages actions against state officials in their official capacity. *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2007). However, the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908) – that the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity – is a well-recognized exception to the general prohibition of the Eleventh Amendment. *See Flint*, 488 F.3d at 825. Still, the *Ex Parte Young* doctrine only applies where the official has "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Ex Parte Young*, 209 U.S. at 157. That connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting *Los Angeles County Bar Ass'n v. March Fong Eu*, 979 F.2d 697, 704 (9th Cir. 1992)). Although Plaintiff seeks declaratory and injunctive relief, the Complaint contains no allegations of Governor Brown's connection with the enforcement of Prop 57. *See*

6

*Nat'l Conf. of Pers. Managers, Inc. v. Brown*, 690 Fed. Appx. 461, 462 (9th Cir. 2017) ("The Governor is responsible for executing and enforcing the laws of California, but the general enforcement of laws does not establish the 'requisite enforcement connection' to overcome sovereign immunity.") As currently pleaded, the *Ex Parte Young* exception would not apply to abrogate Governor Brown's Eleventh Amendment immunity.

For these reasons, the Sixth, Eighth, and Eleventh Amendment claims against Defendant Governor Brown in both his official and individual capacities are improper. If Plaintiff intends to file a First Amended Complaint, he must correct this deficiency or risk dismissal without leave to amend.

## V. CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he shall file a First Amended Complaint within **thirty (30) days** after the date of this Order. The First Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the First Amended Complaint again. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended

7

complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he voluntarily may dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation

///

///

///

that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

**IT IS SO ORDERED.**

DATED:  October  10 , 2018

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE